UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CORINE PITZER, *Administrator of the Estate of Brian Pitzer, Deceased,*  Plaintiff,  v.  CITY OF EAST PEORIA, ILLINOIS, et. al.,  Defendants. | Case No. 08-cv-1120 |

## O R D E R  &  O P I N I O N

Before the Court is a Motion for Rule 54(b) Determination, filed by Defendant Stolz and Defendant City of Pekin ("Pekin Defendants") (Doc. 81). The Pekin Defendants seek the entry of a final judgment order with regards to this Court's April 21, 2010 Order and Opinion granting their motion to dismiss. (Doc. 81). Plaintiff has filed a Response in opposition. (Doc. 82). For the following reasons, the Pekin Defendant's Motion is DENIED.

### BACKGROUND

This case arises out of the shooting death of Brian Pitzer by Officer Chad LaCost, a member of the Central Illinois Emergency Response Team.[1] Plaintiff is the Administrator of Pitzer's Estate. Plaintiff's Second Amended Complaint sought relief against five police officers and four governmental entities. (Doc. 49).[2] In

---

[1] A full factual background of the case according to Plaintiff's Second Amended Complaint can be found in the Opinion and Order of April 21, 2010 (Doc. 82).
[2] Plaintiff alleges that each of the governmental entities are "responsible for the payment of any settlement or judgment of the federal civil rights claim" against

addition to bringing claims against LaCost, Plaintiff sought relief from Lieutenant James Pearson, Officer Jeffrey Stolz, Deputy Todd Mutchler, and Deputy Chris McKinney. (Doc. 49). Plaintiff's claims against Pearson, Stolz, Mutchler, and McKinney arose out of the storming of Pitzer's home after Pitzer had left the premises. (Doc. 49 at 8). While Lieutenant Pearson gave the order to enter, Stolz, Mutchler, and McKinney actually entered the home. (Doc. 49 at 8).

On April 21, 2010, the Court ruled upon various motions to dismiss. (Doc. 70). The Court dismissed Plaintiff's claims against the Tazewell County Defendants because there was no connection between their alleged constitutional violations and Pitzer's death. (Doc. 70 at 11-13). It dismissed the claims against the Pekin Defendants for similar reasons, and also found that any claim for "failure to intervene" failed as a matter of law. (Doc. 70 at 17). The Peoria County Defendants and East Peoria Defendants also filed motions to dismiss claiming that Plaintiff could not recover certain types of damages under § 1983; these motions were denied. (Doc. 70 at 4-10). The Court noted that because neither the East Peoria Defendants or the Peoria County Defendants had raised an argument challenging the existence of a plausible claim having been pled against them, that issue would remain open and undecided. (Doc. 70 at 10).

---

their respective officers pursuant to the Illinois Local Governmental Tort Immunity Act, 745 Ill. Comp. Stat. 10/9-102, and that the City of East Peoria is liable under the Act for the "payment of any settlement or judgment of the . . . common law battery claim against" Officer LaCost. (Doc. 49 at 12-13). The officer/municipality relationships are as follows: Officer Stolz—City of Pekin; Deputies Mutchler and McKinney—Tazewell County ("Tazewell County Defendants"); Lieutenant Pearson—Peoria County ("Peoria County Defendants"); Officer LaCost—City of East Peoria ("East Peoria Defendants"). (Doc. 49 at 3-5). At the time of the incident, the officers were all members of the Central Illinois Emergency Response Team.

## DISCUSSION

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. FED. R. CIV. PRO. 54(b). The Court must first determine that it is dealing with a final judgment. *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7 (1980). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id. quoting Sears, Roebuck & Co., v. Mackey*, 351 U.S. 427, 436 (1956). Here, the Pekin Defendants are seeking a certification on the Court's April 21, 2010 Order and Opinion, which granted their motion to dismiss Plaintiff's claims against them. (Doc. 81). In that Order, the Court found that "Plaintiff has failed to allege sufficient facts to raise her claim that Stolz's actions contributed to Pitzer's injury to the level of plausibility, and, as a matter of law, cannot make out a claim that Stolz unconstitutionally failed to intervene to prevent Pitzer's injury." (Doc. 70 at 17). Accordingly, this was the ultimate disposition of Plaintiff's claims against the Pekin Defendants.

However, the Court must also examine "whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8. In doing so, it takes into account "judicial administrative interests as well as the equities involved," while keeping in mind "the historic federal policy against piecemail appeals." *Id.* Although the Court may

3

grant a Rule 54(b) motion even if it will result in separate appeals, the Rule was intended to be reserved for "the infrequent harsh case." ADVISORY COMMITTEE NOTES TO FED. R. CIV. PRO. 54(b). Here, the Pekin Defendants argue that "it would be judicially expeditious, and it would benefit all parties" if the Court entered a final judgment on their behalf. (Doc. 81 at 3). They state that doing so would afford finality to their position and save judicial resources because the issues that would be raised on appeal would likely be different than any that would be raised based upon Plaintiff's remaining claims. (Doc. 81 at 3-4).

The Court does not agree that it would be in the interest of judicial economy to grant the Pekin Defendants' motion and allow for an appeal of the Court's decision dismissing Plaintiff's claims against them. The only parties seeking a 54(b) certification are the Pekin Defendants.[3] This means that Plaintiff's claims against the Tazewell County Defendants, which were dismissed based upon nearly identical bases, would remain to be appealed at a later date. Further, Plaintiff's claims against the East Peoria Defendants still remain in the lawsuit. As the allegations against Lieutenant Pearson are very similar to those against Officer Stolz, Deputy Mutchler, and Deputy McKinney, those claims too have the potential for a similar appeal at a later date.[4] As such, the Court finds that a 54(b) certification here would waste, rather than conserve judicial resources. Nor have the Pekin

---

[3] While the Pekin Defendants note that the Court should also enter a Rule 54(b) certification for the Tazewell County Defendants, the Tazewell County Defendants have not themselves sought such an order.

[4] The Court is not opining upon whether or not Plaintiff's claims against the East Peoria Defendants are or are not plausible. It is merely holding that the potential exists that the reviewing court might be obliged to consider the same issue a second time. *See Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944, 949 (7th Cir. 1980).

4

Defendants demonstrated any injustice that would be done to them if Plaintiff is not forced to immediately appeal their dismissal from the action, which would make this "an infrequent harsh case." *See* ADVISORY COMMITTEE NOTES TO FED. R. CIV. PRO. 54(b).

Because the entry of a Rule 54(b) certification of the portion of the April 21, 2010 Opinion and Order dismissing the Pekin Defendants may result in the piecemail appeal of similar claims, the Court finds that there is just reason for delay.

## CONCLUSION

For the foregoing reasons, the Pekin Defendants' Motion for Rule 54(b) Determination (Doc. 81) is DENIED. IT IS SO ORDERED.

Entered this 17th day of November, 2010.

                                                    s/ Joe B. McDade
                                                    JOE BILLY McDADE
                                        United States Senior District Judge